**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**CASE NO.:**

BRUCE WILKERSON,

      Plaintiff,

vs.

ALABAMA & GULF COAST
RAILWAY LLC,
a Foreign Limited Liability
Company,

      Defendant.

_____/

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

COMES NOW the Plaintiff, BRUCE WILKERSON ("Mr. Wilkerson" or "Plaintiff"), by and through his undersigned counsel, and sues the Defendant, ALABAMA & GULF COAST RAILWAY LLC ("Defendant") and alleges the following:

1.    Plaintiff brings these claims against Defendant for race discrimination and retaliation pursuant to 42 U.S.C. § 1981 ("Section 1981" or "§ 1981"), and for race and color discrimination and retaliation in violation of Title VII of the Civil Rights Act ("Title VII"). Plaintiff is seeking damages including back pay, front pay, compensatory damages, punitive damages, and his attorneys' fees and costs.

## JURISDICTION AND CONDITIONS PRECEDENT

2.      This Court has original jurisdiction over Plaintiff's § 1981 and Title VII claims as they arise under federal law, and the actions giving rise to this lawsuit occurred in Duval County, Florida.

3.      Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about January 22, 2021.

4.      On or about May 25, 2021, Plaintiff received his Notice of Right to Sue from the EEOC.

5.      Pursuant to § 1981 and Title VII, Plaintiff timely files this lawsuit within the applicable period of limitations against Defendant, and has complied with all administrative prerequisites.

6.      All conditions precedent to this action have been satisfied and/or waived.

## VENUE

7.      Venue is proper because Defendant conducts substantial business in Duval County, Florida, and Plaintiff worked for Defendant in Duval County, Florida, where the actions at issue took place.

## PARTIES

8.      Plaintiff, who is an adult Black/African male, is protected by Section 1981 and Title VII because:

    a.    He suffered discrimination (and retaliation in violation of Section 1981) by Defendant on the basis of his race and color; and

    b.    He objected to the race/color-based discrimination; and

    c.    He suffered an adverse employment action and was subjected to an increasingly hostile work environment based on race, and color, and on his objections to the race/color-based discrimination, including being terminated for same.

9.    Defendant was at all material times an "employer" within the meaning of § 1981 and as defined by Title VII, as it employed in excess of fifteen (15) employees.

10.    Plaintiff was at all material times an "employee" of Defendant within the meaning of § 1981 and as defined by Title VII.

11.    Defendant is a foreign limited liability company that is registered to do business in the state of Florida, including, among other places, Duval County, Florida.

## GENERAL ALLEGATIONS

12.    Mr. Wilkerson worked for Defendant as an Operations Manager from January 6, 2020, until his termination on September 18, 2020.

13.    In February 2020, Mr. Wilkerson was subjected to discriminatory comments by a co-worker due to his race and color.

14.    During a meeting with a member of his team, the team member, in

response to being disciplined by Mr. Wilkerson, responded "…I really don't like talking to y'all people."

15.     It was clear to Mr. Wilkerson that the team member's comment was due to Mr. Wilkerson's race and the color of his skin.

16.     The comment to Mr. Wilkerson constitutes direct evidence of race and color discrimination.

17.     As a result, Mr. Wilkerson objected to Human Resources based on the discriminatory comments regarding his race and color.

18.      Additionally, throughout his employment, Mr. Wilkerson observed the disparate enforcement of company policy on black employees than employees who were not black.

19.     Mr. Wilkerson objected to Human Resources regarding the disparate treatment based on race and color.

20.     Additionally, Mr. Wilkerson also objected to race and color discrimination to Defendant's General Manager, Phil Logan.

21.     Mr. Wilkerson's objections constituted protected activity pursuant to Section 1981 and Title VII.

22.     Defendant did little, if anything, to investigate or remedy the situation.

23.     On or around August 29, 2020, an employee of Defendant, Kyle Summers, was allowed to work without proper certification by the on-call supervisor

Walt Sailors.

24.   Walt Sailors is a white male.

25.   Walt Sailors was responsible for allowing Kyle Summers to work without the proper certifications.

26.   At the time, Mr. Wilkerson was off work and Walt Sailors was the acting supervisor.

27.   However, despite not being involved in the incident, Mr. Wilkerson was suspended by Defendant.

28.   Walt Sailors was not suspended.

29.   Walt Sailors did not receive any disciplinary action for his involvement by Defendant.

30.   Mr. Wilkerson objected to Human Resources and General Manager, Phil Logan, regarding the disparate treatment due to his race and color.

31.   Other similarly situated employees, who engaged in similar actions Mr. Wilkerson was alleged to have engaged in, and were not black, did not receive the same disciplinary actions as Mr. Wilkerson.

32.   On September 18, 2020, Defendant informed Mr. Wilkerson that he was terminated, effective immediately.

33.   By reason of the foregoing, Defendant's actions, affected Plaintiff's ability to enjoy the "full and equal benefit of all laws and proceedings for the security

of persons and property as is enjoyed by white citizens" in violation of Section 1981.

34.   By reason of the foregoing, Defendant's actions, and non-actions, violated § 1981.

35.   Title VII prohibits race and color discrimination in the workplace.

36.   Plaintiff's termination constitutes an adverse action as defined by Title VII and Section 1981.

37.   Plaintiff suffered an adverse action as a result of his race and color.

38.   Defendant's actions demonstrate blatant discrimination based on race and color, and were wholly violative of Section 1981 and Title VII.

39.   At all material times hereto, Plaintiff was ready, willing and able to perform his job duties.

40.   Defendant does not have a non-discriminatory, non-retaliatory rationale for allowing and participating in the discrimination and termination suffered by Plaintiff.

41.   Plaintiff's termination was for pretextual and discriminatory reasons based on Plaintiff's race and color.

42.   Plaintiff was treated in a disparate manner from his non-Black/African counterparts.

43.   By reason of the foregoing, Defendant's actions violated Section 1981 and Title VII.

44.    Plaintiff suffered sufficiently severe and pervasive harassment to create an abusive working environment and, ultimately, termination, because of his race and color.

45.    Any reason provided by Defendant for its actions is a pretext and cover-up for illegal discrimination.

46.    Plaintiff was terminated because of his race in violation of Sections 1981, and his objections to what he reasonably believed to be a discriminatory practice in the workplace.

47.    The temporal proximity, between Plaintiff's objections to what he reasonably perceived to be race and color discrimination, and his termination, is sufficiently close to establish a temporal nexus between the two events.

48.    Plaintiff has suffered damages as a result of Defendant's illegal conduct towards him.

49.    Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I:  DISCRIMINATION IN VIOLATION OF TITLE VII BASED ON RACE

50.    Plaintiff re-alleges and re-adopts the allegations contained in paragraphs 1 through 32, and 35 through 49, as if fully set forth in this Count.

51.    The acts of Defendant, by and through its agents and employees,

violated Plaintiff's rights against race discrimination under Title VII.

52.     The discrimination/disparate treatment to which Plaintiff was subjected was based on his race.

53.     Defendant's discriminatory comments and actions were egregious, and provide direct evidence of its discriminatory motive to discriminate against Plaintiff. *See, e.g., E.E.O.C. v. Beverage Canners, Inc.*, 897 F.2d 1067, 1068-69 (11th Cir. 1990).

54.     The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

55.     Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

56.     The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

57.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Title VII.

58.     Plaintiff has no plain, adequate, or complete remedy at law for the

actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, lost wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages, attorneys' fees and costs, and any other relief this Court deems just and proper.

## COUNT II:  DISCRIMINATION IN VIOLATION OF TITLE VII BASED ON COLOR

59.     Plaintiff re-alleges and re-adopts the allegations contained in paragraphs 1 through 32, and 35 through 49, as if fully set forth in this Count.

60.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination based on color under Title VII.

61.     The discrimination/disparate treatment to which Plaintiff was subjected was based on his color.

62.     Defendant's discriminatory comments and actions were egregious, and provide direct evidence of its discriminatory motive to discriminate against Plaintiff. *See, e.g., E.E.O.C. v. Beverage Canners, Inc.*, 897 F.2d 1067, 1068-69 (11th Cir. 1990).

63.     The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary

losses.

64.    Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

65.    The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

66.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Title VII.

67.    Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, lost wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages, attorneys' fees and costs, and any other relief this Court deems just and proper.

## COUNT III: DISCRIMINATION IN VIOLATION OF SECTION 1981 BASED ON RACE

68.    Plaintiff re-alleges and re-adopts the allegations contained in paragraphs 1 through 2, 5 through 34, and 36 through 49 of the Complaint as if fully set forth in this Count.

69.    The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against race discrimination under § 1981.

70.     The discrimination to which Plaintiff was subjected was based on his race, Black/African.

71.     The conduct of Defendant its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

72.     The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

73.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 1981.

74.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff prays that this Court will issue a declaratory judgment that the retaliation against Plaintiff by Defendant was a violation of Plaintiff's rights under Section 1981; require that Defendant make Plaintiff whole for his losses suffered as a result of the retaliation through reinstatement, or, if that is not practical, through an award of back/front pay; grant Plaintiff a judgment

against Defendant for all available damages, including punitive damages; award Plaintiff his reasonable attorneys' fees and litigation expenses against Defendant pursuant to Section 1981; and, award any additional relief that this Court deems just and appropriate

## COUNT IV:  RETALIATION IN
## VIOLATION OF SECTION 1981 BASED ON RACE

75.    Plaintiff re-alleges and re-adopts the allegations contained in paragraphs 1 through 2, 5 through 34, and 36 through 49 of the Complaint as if fully set forth in this Count.

76.    The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against race retaliation under § 1981.

77.    The retaliation to which Plaintiff was subjected was based on his objections to race discrimination in the workplace, or what he reasonably believed to be race discrimination in the workplace.

78.    The conduct of Defendant its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

79.    The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of

punitive damages against Defendant to deter it, and others, from such conduct in the future.

80.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 1981.

81.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff prays that this Court will issue a declaratory judgment that the retaliation against Plaintiff by Defendant was a violation of Plaintiff's rights under Section 1981; require that Defendant make Plaintiff whole for his losses suffered as a result of the retaliation through reinstatement, or, if that is not practical, through an award of back/front pay; grant Plaintiff a judgment against Defendant for all available damages, including punitive damages; award Plaintiff his reasonable attorneys' fees and litigation expenses against Defendant pursuant to Section 1981; and, award any additional relief that this Court deems just and appropriate.

## COUNT V: RETALIATION IN VIOLATION OF TITLE VII BASED ON RACE

82.     Plaintiff re-alleges and re-adopts the allegations contained in paragraphs 1 through 32, and 35 through 49, as if fully set forth in this Count.

83.     The acts of Defendant by and through its agents and employees,

violated Plaintiff's rights against retaliation under Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000e et seq.

84.   The retaliation to which Plaintiff was subjected was based on his race.

85.   The conduct of Defendant its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

86.   The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

87.   Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

88.   Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harms.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, lost wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages, attorneys' fees and costs, and any other relief this Court deems just and proper.

## COUNT VI: RETALIATION
## IN VIOLATION OF TITLE VII BASED ON COLOR

89.    Plaintiff re-alleges and re-adopts the allegations contained in paragraphs 1 through 32, and 35 through 49, as if fully set forth in this Count.

90.    The acts of Defendant by and through its agents and employees, violated Plaintiff's rights against retaliation under Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000e, *et seq*.

91.    The retaliation to which Plaintiff was subjected was based on his color.

92.    The conduct of Defendant its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

93.    The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

94.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

95.    Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harms.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, lost wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages, attorneys' fees and costs, and any other relief this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 6th day of August, 2021.

By: __*Noah E. Storch*__
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A
10368 W. State Rd.84, Suite 103
Davie, FL 33324
Telephone:  (866) 344-9243
Facsimile:  (954) 337-2771
E-mail:  noah@floridaovertimelawyer.com

*Trial Counsel for Plaintiff*