## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

BRUCE WILKERSON,

     Plaintiff,

v.                                     Case No. 3:21-cv-770-TJC-PDB

ALABAMA & GULF COAST
RAILWAY, LLC, a Foreign Limited
Liability Company,

     Defendant.

_____

## O R D E R

    This employment discrimination case is before the Court on Defendant Alabama & Gulf Coast Railway, LLC's ("AGR") Motion to Dismiss for Improper Venue or, Alternatively, Motion to Transfer Venue. Doc. 13. Plaintiff Bruce Wilkerson responded in opposition. Doc. 30.

## I. BACKGROUND

    Wilkerson, a black male, filed suit against AGR in the United States District Court for the Middle District of Florida for alleged violations of Section 1981 and Title VII. Doc. 1 ¶¶ 1, 7–8. AGR moved to dismiss, or in the alternative, transfer the suit to the Southern District of Alabama.[1] Doc. 13 at

---

[1] Wilkerson filed a Motion for Leave to File First Amended Complaint to add jurisdictional allegations and attached his proposed First Amended Complaint. Docs. 18, 18-1. AGR responded in opposition, raising substantially

1–2. Central to its argument is AGR's contention that Florida has no connection to this case. Id. at 5.

Wilkerson alleges AGR terminated him because of his race and in retaliation for the discriminatory practices he spoke out against while working for AGR.[2] Doc. 1 ¶¶ 12–49. AGR argues that it does not currently employ any employees in or around any county in the Middle District of Florida, and that Wilkerson's alleged events would have occurred while he was working in Alabama. Doc. 13 at 3–4. To show that venue is improper, AGR relies on declarations of four employees wherein each employee either states that (1) Wilkerson never worked or trained for AGR in Jacksonville, Florida; (2) they never had interactions with Wilkerson in Jacksonville, Florida during his employment; or (3) AGR does not employ any employees to work in or around any county in the Middle District of Florida. Docs. 13-1, 22-1, 22-2, 22-3, 22-4. In response, Wilkerson's declaration states that (1) AGR ran operations from its office in Jacksonville, Florida, where he was also trained during his employment, and (2) that the relevant employees, including those whose

_____

similar arguments to those in its Motion to Dismiss. Doc. 22. The Court has considered the Complaint and the Amended Complaint, and its analysis and conclusion are the same under either complaint.

[2] In the Amended Complaint, Wilkerson specifically alleges that the events took place in AGR's Jacksonville office. Doc. 18-1 ¶¶ 17–18, 21, 24, 26, 35.

declarations AGR uses, either worked in Jacksonville, Florida during his employment or were physically in the Jacksonville office when he made his complaints. Doc. 30-1.

## II. DISCUSSION

### A. Venue

The Court must consider whether this case should be dismissed for improper venue. "This question—whether venue is 'wrong' or 'improper'—is generally governed by 28 U.S.C. § 1391 . . . ." Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas, 571 U.S. 49, 55 (2013). Section 1391 provides that venue is proper if the case is brought in (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;" (2) the district where "a substantial part of the events" that gave rise to the claim occurred; or (3) "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." § 1391(b). Whether "a substantial part of the events" giving rise to Wilkerson's claim occurred in Florida is in dispute.[3]

When a defendant challenges venue as improper, the plaintiff must present a prima facia showing of venue. Delong Equip. Co. v. Wash. Mills

---

[3] Wilkerson briefly argues that AGR resides in Jacksonville, but the Court need not reach this issue. Doc. 30 at 5–6.

Abrasive Co., 840 F.2d 843, 845 (11th Cir. 1988). "[T]he facts as alleged in the complaint are taken as true to the extent they are uncontroverted by defendants' affidavits." Home Ins. Co. v. Thomas Indus., Inc., 896 F.2d 1352, 1355 (11th Cir. 1990) (quoting Delong Equip., 840 F.2d at 845). When the parties' affidavits conflict, however, "the court is inclined to give greater weight to the plaintiff's version of the jurisdictional facts and to construe such facts in the light most favorable to the plaintiff." Id.

Here, the Court addresses a situation similar to McGrew v. Morgan, No. 3:20-CV-1371-BJD-PDB, 2021 WL 7451894, at *1 (M.D. Fla. May 3, 2021), report and recommendation adopted, No. 3:20-CV-1371-BJD-PDB, 2021 WL 8200186 (M.D. Fla. Aug. 18, 2021). In McGrew, the plaintiff brought a tort claim in the Middle District of Florida asserting that the defendant surreptitiously created email accounts "under pseudonyms and, from her residences in Orange Park, Florida, and Dublin, Ohio, used the accounts to email untrue and damaging statements about him to his employers, his prospective employers, and others." Id. The defendant moved to dismiss for improper venue, arguing that she was domiciled in Ohio and that a substantial part of the events that gave rise to the plaintiff's suit occurred outside the Middle District of Florida. Id. The plaintiff submitted a declaration stating that the defendant sent the statements about the plaintiff from her residence in Orange Park. Id. at *10. In response, the defendant submitted an affidavit stating she did not send the

emails and did know where the messages were sent from. Id. The court recommended that the defendant's motion to dismiss be denied. Id. at *12. That recommendation was later adopted. McGrew, 2021 WL 8200186 at *2. Rejecting the defendant's argument, the court held that it must give greater weight to the plaintiff where the facts conflict, especially when the dispute is intertwined with the merits. McGrew, 2021 WL 7451894, at *10.

Like the affidavit and declaration in McGrew, Wilkerson's declaration conflicts with AGR's declarations. AGR argues that the incident, which Wilkerson alleges occurred in Jacksonville, Florida, would have occurred in Alabama because it does not employ any employees in the Middle District of Florida and filed declarations to support its argument. Docs. 13, 13-1, 22-1, 22-2, 22-3, 22-4. However, Wilkerson's declaration states that AGR's Human Resources department, Training department, President, and Safety Officer were all located in Jacksonville, Florida. Doc. 30-1 ¶¶ 4–7. Furthermore, Wilkerson states that he made his complaints about the discrimination to the Human Resources Director, Warren Quick, and another Human Resources employee, Amy Rentzell, while they were in AGR's Jacksonville office. Id. ¶ 10. Accordingly, because the parties' declarations conflict and are intertwined with the merits, the Court must give greater weight to Wilkerson's version of the facts. See Home Ins. Co., 896 F.2d at 1355.

This case is different than <u>Riley v. Donatelli</u>, No. 3:16-CV-898-J-34JBT, 2017 WL 3316479, at *2 (M.D. Fla. Aug. 3, 2017). In <u>Riley</u>, the plaintiff brought a property dispute claim in the Middle District of Florida arguing that the defendants stole from the plaintiff's mother through fraud, forged wills, and schemes. <u>Id</u>. The defendants moved to dismiss for improper venue, arguing that activities alleged in the plaintiff's complaint did not occur in the Middle District of Florida and that the real property at issue was located in New York. <u>Id.</u> at *2–3. The defendants submitted a declaration to support their assertion. <u>Id.</u> In response, the plaintiff submitted a declaration stating she felt the effects of the purportedly wrongful conduct while living in Florida. <u>Id.</u> at *6, 9. The court granted the defendants' motion to dismiss. <u>Id.</u> at *9 ("The mere fact that Riley was residing in Florida when she felt the effects of the allegedly wrongful conduct occurring in New York is insufficient to establish Florida as a proper venue.").

Here, unlike the plaintiff in <u>Riley</u>, Wilkerson's declaration supports his argument that a substantial part of the events occurred in Jacksonville. Doc. 30-1. Wilkerson states he was trained in Jacksonville and that some of AGR's employees, such as the President, the Human Resources Director, Safety Officer, and people in the Training department worked there during his employment. <u>Id.</u> ¶¶ 3–7. Wilkerson also states that he reported the discrimination to employees in Jacksonville. <u>Id.</u> ¶¶ 10, 15–16. Indeed, AGR's

6

declarations do not foreclose Wilkerson's version of events. Robin Anderson, the Assistant Vice President of Operations, states she has not performed work for AGR in Jacksonville since 2019. Doc. 22-1 ¶ 4. Furthermore, Quick also stated he traveled to Jacksonville to perform his duties. Doc. 22-2 ¶ 4. Accordingly, AGR's declarations support the inference that there was an office in Jacksonville, Florida. Thus, Wilkerson has met his burden to show that venue in the Middle District of Florida is proper.

## B. Transfer

AGR argues that even if venue is proper, the Court should transfer the case. Doc. 13 at 14–23. Under 28 U.S.C. § 1404(a), a trial court has broad discretion in determining whether a transfer is appropriate. Brown v. Connecticut Gen. Life Ins. Co., 934 F.2d 1193, 1197 (11th Cir. 1991). The party seeking the transfer bears the burden of establishing that a case should be transferred to the suggested forum because it is in the interests of convenience and justice. In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989). Moreover, the Court must give considerable weight to Wilkerson's choice of forum. See id. Accordingly, the Court should transfer the suit only if other considerations clearly outweigh Wilkerson's choice. Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996) ("The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations.") (citation omitted).

To determine whether the circumstances of a case warrant transfer, the Court evaluates a number of factors: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof;[4] (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

AGR has not satisfied its burden of showing that the Middle District of Florida is sufficiently inconvenient to justify transfer. AGR argues that some of its employee witnesses to the alleged incidents are located in Alabama and would be inconvenienced, but Wilkerson is located in the Middle District of Florida, and he is a crucial witness in this case. Doc. 13 at 17–20. Indeed, AGR's employee witnesses' convenience is entitled to less weight because AGR will be able to compel their testimony at trial. See Sompo Japan Nipponkoa Ins., Inc. v. CSX Transportation, Inc., No. 3:19-CV-1154-J-34PDB, 2020 WL 7074558, at

---

[4] But see Nat'l Tr. Ins. Co. v. Pennsylvania Nat'l Mut. Cas. Ins. Co., 223 F. Supp. 3d 1236, 1243–44 (M.D. Fla. 2016) (Howard, J.) ("[T]he location of relevant documents and other tangible sources is no longer a heavily weighted factor in this analysis given that technological advances now permit the electronic transmittal of documents.").

*11 (M.D. Fla. Dec. 3, 2020) (Howard, J.) ("[I]n the case of employee witnesses, 'their convenience is entitled to less weight because [the parties] will be able to compel their testimony at trial.'") (citation omitted). Moreover, neither forum is convenient for all parties or witnesses, but AGR is more likely to have the financial means to defend this suit in the Middle District of Florida than Wilkerson would to prosecute it in Alabama.

AGR also argues that the locus of operative facts favors transfer to the Southern District of Alabama. Doc. 13 at 20–22. However, Wilkerson has alleged that a substantial part of the events that gave rise to his claim occurred in Jacksonville and Wilkerson's choice of forum is entitled to significant weight. <u>Robinson</u>, 74 F.3d at 260. The forum's familiarity with the governing law also weighs against transfer. Wilkerson alleges federal causes of action. Doc. 1 ¶¶ 1, 7–8. Both this Court and a federal court in Alabama are fully capable of applying the law governing Wilkerson's claim. Finally, AGR argues that considerations of trial efficiency and the interests of justice warrant transfer. Doc. 13 at 23. The Court rejects this argument. Thus, the Court determines that AGR has failed to demonstrate that the interests of convenience and justice weigh in favor of transferring this case to the Southern District of Alabama.

Accordingly, it is hereby

**ORDERED:**

1. Defendant Alabama & Gulf Coast Railway, LLC's Motion to Dismiss for Improper Venue, or, Alternatively, Motion to Transfer Venue, Doc. 13, is **DENIED.**

2. Plaintiff Bruce Wilkerson's Motion for Leave to File First Amended Complaint, Doc. 18, is **GRANTED**. The Amended Complaint is now the operative complaint. The Clerk shall separately file the Amended Complaint.

3. Defendant shall answer the Amended Complaint no later than **September 16, 2022**.

4. The parties shall jointly file an updated Case Management Report no later than **September 16, 2022**.

**DONE AND ORDERED** in Jacksonville, Florida the 22nd day of August, 2022.

*Timothy J. Corrigan*
TIMOTHY J. CORRIGAN
United States District Judge

mf cm
Copies:

Counsel of record